# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews, | No. CV-24-00596-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Party, et al., | |
| Defendants. | |

Before the Court is Plaintiff's *ex parte* Motion to Serve Third-Party Subpoena Prior to a Rule 26(f) Conference (Doc. 3) which the Court construes as a Motion for Order Authorizing Expedited Discovery and *ex parte* Motion to Extend the Deadline to Serve Defendants (Doc. 12).

## BACKGROUND

Plaintiff names "Subscriber(s) associated with (470) 524-5363" ("Subscribers") as defendants in his Complaint alleging violations under the Telephone Consumer Protection Act and that Defendants Kim Doe and John Doe orchestrated placing three illegal telemarketing calls using an automated telephone dialing system to phone numbers belonging to Plaintiff that are registered on the national Do-Not-Call List. (Doc. 1) Plaintiff states the "Subscribers" are unknown to him and that he will seek to determine their identities in early discovery. (*Id.*)

## DISCUSSION

**I.     Plaintiff's Motion for Expedited Discovery (Doc. 3)**

Plaintiff's motion seeks an order allowing the issuance of a third-party subpoena under Rule 45 prior to a Rule 26(f) Conference being held pursuant to Fed. R. Civ. P. 26(d)(1), upon an entity named "Twillo International, Inc.", and "any subsequent downstream providers as it may identify seeking the subscriber identity, to include the name of the subscriber, address, contact telephone number, website and email address for the telephone number (470) 524-5363".

### A. Legal Standard

Plaintiff filed his *ex parte* motion the same day he filed the Complaint. Generally, formal discovery is not permitted before the parties have conferred pursuant to the Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). Courts, however, have made exceptions "in rare cases . . . permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999). Courts in the Ninth Circuit apply a "good cause" standard to decide whether to permit early discovery. *Semitool, Inc. v. Tokyo Electron Am., Inc*., 208 F.R.D. 273, 275–76 (N.D. Cal. 2002). "Good cause" is established "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id*.

"[W]hen the defendants' identities are unknown at the time the complaint is filed, courts may grant plaintiffs leave to take early discovery to determine the defendants' identities 'unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash E37917C8EEB4585E6421358FF32F29C D63C23C91,* No. 12cv00186 MMA(RBB), 2012 WL 12884688, at *3 (S.D. Cal. May 8, 2012) (quoting *Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980)). "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." *Columbia Ins. Co*., 185 F.R.D. at 578.

District Courts in the Ninth Circuit typically apply a three-factor test when

considering motions for early discovery to identify Doe defendants. *Id.* at 578–80. First, the moving party should be able to "identify the missing party with sufficient specificity [] that the Court can determine that [the] defendant is a real person or entity who could be sued in federal court." *Id.* at 578. Second, the movant "should identify all previous steps taken to locate the elusive defendant" to ensure "that [the movant has made] a good faith effort to comply with the requirements of the service of process and specifically identifying defendants." *Id.* at 579. Third, the plaintiff "should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Id.*; *see also, Gillespie*, 629 F.2d at 642 (stating early discovery to identify unknown defendants should be permitted unless the complaint would be dismissed on other grounds).

In addition to satisfying all three factors, plaintiff should provide "reasons justifying the specific discovery requested [and] identification of a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." *Columbia Ins. Co.*, 185 F.R.D. at 580; *see also Gillespie*, 629 F.2d at 642 (explaining that early discovery is precluded if it is not likely to provide the identity of the defendant). These safeguards are intended to ensure that early discovery "will only be employed in cases where the plaintiff has in good faith exhausted traditional avenues for identifying a civil defendant pre-service, and will prevent the use of this method to harass or intimidate." *Columbia Ins. Co.*, 185 F.R.D. at 578.

**B. Analysis**

Plaintiff's motion seeks an order allowing the issuance of a third-party subpoena to an entity named "Twillo International, Inc." and "any subsequent downstream providers" to ascertain subscriber identity, address contact telephone number, under Rule 45 prior to a Rule 26(f) Conference being held pursuant to Fed. R. Civ. P. 26(d)(1). Although Plaintiff's motion does not state he is seeking the subpoena to identify unidentified defendants and is in need of expedited discovery in order to identify them, this is what the Court believes Plaintiff is attempting to do.

The Rules Plaintiff has cited in his motion do not apply to this scenario. Rule 45 covers the rules governing the form, content, issuance, service, proof of service, compliance, enforcement and other governing criteria regarding subpoenas. Rule 26(d)(1) governs the timing and sequence of discovery stating a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation or by court order. Rule 26(a)(1)(B) sets forth the following proceedings are exempt from initial disclosure:

    (i)     an action for review on an administrative record;
    (ii)    a forfeiture action in rem arising from a federal statute;
    (iii)   a petition for habeas corpus or any other proceeding to challenge a criminal conviction or sentence;
    (iv)   an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision;
    (v)    an action to enforce or quash an administrative summons or subpoena;
    (vi)   an action by the United States to recover benefit payments;
    (vii)  an action by the United States to collect on a student loan guaranteed by the United States;
    (viii) a proceeding ancillary to a proceeding in another court; and
    (ix)   an action to enforce an arbitration award.

(Rule 26(a)(1)(B)).

Plaintiff's action does not fall under any portion of Rule 26(a)(1)(B). Further, Plaintiff must identify Defendant with enough specificity to allow the Court to determine that Defendant is a real person or entity, subject to the jurisdiction of this Court. *See Columbia Ins. Co.*, 185 F.R.D. at 578. "[A] plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP addresses to a physical point of origin." *808 Holdings, LLC*,

2012 WL 12884688, at *4.

Plaintiff has failed to provide sufficient information about infringing activity tied to Defendant's phone number and the specific date and time associated with the activity. Therefore, Plaintiff has not demonstrated with sufficient specifity that Defendant is a real person or entity, likely subject to the jurisdiction of this Court.

Plaintiff has failed to demonstrate that he has taken previous steps to locate and serve the Defendant.

Plaintiff has failed to show that the Complaint could withstand a motion to dismiss. Of all the bases that bear dismissal, those relevant here are lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim.

Lastly, Plaintiff has failed to prove that the requested discovery is likely to lead to identifying information. Plaintiff has not set forth how "Twillo International, Inc." is the only entity that can identify Defendant based on the information Plaintiff is seeking.

Even though the Court recognizes the significant challenges a pro se litigant has in representing himself, the fact that a party is acting pro se does not discharge the party's duties to "abide by the rules of the court in which he litigates." *Carter v. Comm'r*, 784 F.2d 1006 (9th Cir. 1986).

## II.     Plaintiff's Motion to Extend Deadline to Serve  (Doc. 12)

Plaintiff's Motion is seeking an additional 90 days within which to serve defendants/entities described above. The Court's denial of Plaintiff's Motion to Serve Third-Party Subpoena (Doc. 3) moots Plaintiff's Motion to Extend Deadline to Serve Defendants (Doc. 12). The Court will, however, extend the service deadline for an additional 30 days through July 19, 2024.

## CONCLUSION

The Court recognizes the urgency with which Plaintiff seeks to proceed in this action and the challenges that Plaintiff may face when attempting to serve process on Defendant(s). The Plaintiff may file a renewed motion for expedited discovery if he can show good cause. The Plaintiff's renewed motion must set forth additional facts as set

forth in this order.

Accordingly,

**IT IS HEREBY ORDERED** that the *Ex Parte* Motion for Expedited Discovery (Doc. 3) is denied without prejudice.

**IT IS FURTHER ORDERED** that the Ex Parte Motion for Extension of Time to Serve Defendants (Doc. 12) is denied as moot.

**IT IS FURTHER ORDERED** extending the service deadline to and including July 19, 2024.

**IT IS HEREBY ORDERED** directing the Clerk of Court to terminate any or all Defendants in this matter, without further notice, that have not been served within the time required by Fed. R. Civ. P. 4(m) on **July 22, 2024**.

Dated this 10th day of June, 2024.

_____
G. Murray Snow
Chief United States District Judge