Jason Crews
1515 N Gilbert Rd Ste 107-204
Gilbert, AZ 85234
602-295-1875
Jason.crews@gmail.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| Jason Crews, | Case No.: 2:24-cv-00596-GMS |
| Plaintiff, | |
| vs. | Memorandum in Support of Plaintiff's Second *Ex Parte* Motion to Serve Third-Party Subpoena prior to a Rule 26(f) conference. |
| Subscriber(s) associated with (470)524-5363, | |
| Defendants. | |
| | DEMAND FOR JURY TRIAL |

**INTRODUCTION**

As outlined in Plaintiff's complaint, Plaintiff received calls which he alleges violated the Telephone Consumer Protection Act ("TCPA") from an entity calling his number on the Do Not Call Registry. Complaint, ¶¶20–34. The call came from the seemingly legitimate caller ID (470)524-5363.

However, the Plaintiff does not know the legal entity that placed the calls. The Plaintiff is also ignorant of any address to serve the Defendant because the Defendant did not identify themselves. As such, the Plaintiff is seeking this limited expedited discovery to learn the identity of those callers.

COMPLAINT- 1

In short, seeking the subscriber information for the telephone numbers from their respective carrier, Twillo International, Inc., and any downstream carriers it may use is the only way in which Plaintiff can ascertain the caller's true identity and effectuate service of process. Plaintiff will only use this information to prosecute the claims made in its Complaint and any amended pleadings. Without this information, the Plaintiff cannot pursue this lawsuit to hold the caller who called him accountable for his actions in violating the TCPA.

"[I]n rare cases . . . permitting limited discovery to ensue after the filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999). Courts in the Ninth Circuit apply a "good cause" standard to decide whether to permit early discovery. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D. Cal. 2002). "Good cause" is established "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* "

[W]hen the defendants' identities are unknown at the time the complaint is filed, courts may grant plaintiffs leave to take early discovery to determine the defendants' identities 'unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" 808 *Holdings, LLC v. Collective* of Dec. 29, 2011 Sharing Hash E37917C8EEB4585E6421358FF32F29C D63C23C91, No. 12cv00186 MMA(RBB), 2012 WL 12884688, at *3 (S.D. Cal. May 8, 2012) (quoting *Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980)). "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." Columbia Ins. Co., 185 F.R.D. at 578.

**LEGAL ARGUMENT**

District Courts in the Ninth Circuit typically apply a three-factor test when considering motions for early discovery to identify Doe defendants. *Id.* at 578–80. First, the moving party should be able to "identify the missing party with sufficient specificity [] that the Court can determine that [the] defendant is a real person or entity who could be sued in federal court." *Id.* at 578. Second, the movant "should identify all previous steps taken to locate the elusive defendant" to ensure "that [the movant has made] a good faith effort to comply with the requirements of the

COMPLAINT- 2

service of process and specifically identifying defendants." *Id.* at 579. Third, the plaintiff "should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Id.*; see also Gillespie, 629 F.2d at 642 (stating early discovery to identify unknown defendants should be permitted unless the complaint would be dismissed on other grounds).

**Identity of Unknown Parties**

Plaintiff has alleged he received three calls in violation of the TCPA presenting the caller ID in the form of text messages on (470)524-5363 ("The Number") on October 24 and November 13, 2023, and January 2, 2024[1]. Complaint ¶ 20. The first of these three messages received on October 24 stated, amongst other things, "This is Kim." The second message does not identify a caller, while the third said, amongst other things, "My name is John. Kim has reached out to you before."

When calling The Number back on various occasions, the latest of which was June 14, 2024, Plaintiff could not speak with anyone but received a recorded message saying, amongst other things, "Leave a message, and either John or I will return your call."

Given that both the text messages and direct calling confirm Kim and John's names, Plaintiff believes and, therefore, avers that Kim and John are real people and the subscribers associated with The Number currently and at the time of the calls.

Plaintiff has queried the database of iConectiv, the company charged by the Federal Communications Commission to administer the Number Portability Administration Center. The Number Portability Administration Center is the master database that lists which telephone provider services a particular number, among other information required to route telephone calls to the proper provider. A search of iConectiv shows that The Number was activated on November 17, 2020, suggesting that the subscriber, presumably Kim and John, would have plausibly been in control of The Number at the time of the alleged calls.

**Plaintiff has made a good faith effort to comply with the requirements of service of process and specifically identifying defendants.**

---

[1] Plaintiff mistakenly complaint says 2023, which will be amended prior to serving Defendants.
COMPLAINT- 3

1  Plaintiff conducted an extensive search in good faith to identify the defendants.

2  Searching for The Number in the iConective database reveals that number is serviced by
3  Twillo International, Inc. However, this database does not reveal subscriber identity, as that
4  information remains with the carrier.

5  Plaintiff searched Google for The Number and could not locate any relevant information.

6  The Number's code is associated with the Atlanta Metropolitan area, and as such,
7  searching for couples individuals with the name Kim and John living in the area with the same
8  address proved impractical.

9  Given the limited identifying information provided by the callers and the incentive to
10 remain anonymous, the Plaintiff's resources are limited. Still, he has utilized them in a good faith
11 effort to serve the Defendants.

**Plaintiff's Complaint Could Withstand a Motion to Dismiss**

**A. Jurisdiction**

The plaintiff "need only demonstrate facts that, if true, would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). "Although the plaintiff cannot simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true." *Schwarzenegger*, 374 F.3d at 800 (citations omitted), and "Conflicts between [the] parties over statements contained in affidavits must be resolved in the plaintiff's favor." Id.

**B. The Court possesses General Personal Jurisdiction.**

"[G]eneral jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger*, 374 F.3d at 801. *854 It exists where a nonresident defendant's activities within a state are "substantial" or "continuous and systematic." *Data Disc*., 557 F.2d at 1287. Such contracts must "be of the sort that approximates physical presence." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). *Marek v. Molson Coors Beverage Co.*, 580 F. Supp. 3d 848, 853–54 (N.D. Cal. 2022)

The test's first prong may be satisfied by "purposeful availment of the privilege of doing business in the forum; by purposeful direction of activities at the forum; or by some combination

COMPLAINT- 4

thereof." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (citation and internal quotation marks omitted). The second prong does not necessarily require "a strict causal relationship between the defendant's in-state activity" and the claim. Still, it does require "an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct* ., U.S., 141 S. Ct. 1017, 1025–26, 209 L.Ed.2d 225 (2021) (internal quotation marks, citations, and alteration omitted).  *Marek v. Molson Coors Beverage Co* ., 580 F. Supp. 3d 848, 854 (N.D. Cal. 2022)

1. **Prong One**

Defendants have, and Plaintiff has alleged in his SAC, purposefully availed themselves of the privilege of doing business in Arizona. Defendants intentionally called or caused Plaintiff's number to be called by dialing an Arizona area code at least three times within 12 months to advertise their services, despite Plaintiff's number being listed on the National Do Not Call Registry, thus violating the TCPA.   Complaint, ¶¶20–34. Because the defendants caused the events complained of herein to occur in Arizona, the TCPA claims arose from these events. Defendants had minimum contacts with Arizona to justify the assertion by an Arizona court of personal jurisdiction as per *Meyers v. Hamilton Corp.*,  693 P.2d 904 (Ariz. 1985).

2. **Prong Two**

The occurrence which took place in the forum is apparent.  Plaintiff is a resident of Maricopa County, Arizona (Complaint, ¶1), which is situated within this district. On multiple occasions (Complaint, ¶20), has purposefully directed their activities at the forum by calling two different cell phones belonging to Plaintiff with an Arizona telephone area code (Complaint, ¶¶6-7,20).

**C.  The court possesses Specific Personal Jurisdiction.**

Specific jurisdiction arises when a defendant's particular contacts with the forum give rise to or relate to the claim in question. *Helicopteros Nacionales de Colombia S.A. v. Hall* , 466 U.S. 408, 414–16, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). "A court exercises specific jurisdiction where the cause of action arises out of or has a substantial connection to the defendant's contacts with the

COMPLAINT- 5

forum." *Glencore Grain Rotterdam BV v. Shivnath Rai Harnarain Co*., 284 F.3d 1114, 1123 (9th Cir. 2002). The Ninth Circuit employs a three-part test to determine whether there is specific jurisdiction over a defendant: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable. *Schwarzenegger*, 374 F.3d at 802. *Marek v. Molson Coors Beverage Co*., 580 F. Supp. 3d 848, 854 (N.D. Cal. 2022).

1. **Prong 1**

The test's first prong may be satisfied by "purposeful availment of the privilege of doing business in the forum; by purposeful direction of activities at the forum; or by some combination thereof." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (citation and internal quotation marks omitted). *Marek v. Molson Coors Beverage Co*., 580 F. Supp. 3d 848, 854 (N.D. Cal. 2022)

All non-resident Defendants purposefully availed themselves of the privilege of conducting activities in the forum when they repeatedly called Plaintiff to advertise their real estate services and seek customers in this forum. Complaint, ¶20, 25.

2. **Prong 2**

The second prong does not necessarily require "a strict causal relationship between the defendant's in-state activity" and the claim, but it does require "an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Ford Motor Co. v. Montana* Eighth Jud. Dist. Ct. , U.S., 141 S. Ct. 1017, 1025–26, 209 L.Ed.2d 225 (2021) (internal quotation marks, citations, and alteration omitted ). *Marek v. Molson Coors Beverage Co*., 580 F. Supp. 3d 848, 854 (N.D. Cal. 2022).

COMPLAINT- 6

Plaintiff's claims arise out of and relate to the defendant's forum-related activities. Plaintiff's claims arise solely from Defendant's alleged illegal telemarketing calls into this district. Defendants willfully and intentionally solicited their services in the district and within that forum, and Plaintiff has plausibly alleged they violated the TCPA.

### 3. Prong 3

The plaintiff bears the burden of satisfying the first two prongs of the test. *Schwarzenegger*, 374 F.3d at 802. "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to "present a **compelling case**" that the exercise of jurisdiction would not be reasonable." *Marek v. Molson Coors Beverage Co*., 580 F. Supp. 3d 848, 854 (N.D. Cal. 2022) (emphasis added).

Without an argument to the contrary, Prong 3 would favor Plaintiff.

### D.  Plaintiff has Demonstrated *prima facie* Claim for violations of the TCPA

Plaintiff has demonstrated a *prima facie* claim for violations of the Telephone Consumer Protection Act. The Plaintiff has alleged that he received at least three calls from the Defendants using the above-described caller IDs. Compl. ¶ 20. The Plaintiff has alleged that the calls were sent to a number on the National Do Not Call Registry. *Id.* at ¶¶18-19, and that those calls were solicitations. Complaint, ¶30. The TCPA makes sending a solicitation call to a subscriber on the National Do Not Call Registry unlawful. See  47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c). Accordingly, Plaintiff has stated a *prima facie* claim for TCPA violations.

### Justification for the requested discovery

First, Plaintiff seeks discovery for specific concrete information pertaining to the telephone numbers at issue in the litigation as identified in the messages he received. As indicated above, the Plaintiff only seeks information to identify the subscriber of the telephone numbers at issue, including the subscriber's name, address, contact telephone number, website, and e-mail address. In cases alleging copyright infringement, courts have determined that similar subscriber identity information pertaining to an IP (Internet Protocol) address was "highly specific." *Malibu Media, LLC v. Doe*, No. 18-766, 2018 WL 2386068, at *3 (D. Conn. May 25, 2018).

COMPLAINT- 7

Second, no alternative means exist whereby the Plaintiff can obtain the subpoenaed information. Calling the telephone numbers leads to a dead end because the callers did not identify themselves. Therefore, apart from a subpoena, there is no other way to identify the company further. No other entity was identified on any of the messages or by calling back. The name provided by the Defendant is generic and is designed to conceal its identity.  Just as "there is no practical way for the plaintiff to learn the identity of the alleged infringer except through a subpoena on the Internet Service Provider," the same is true here. *Malibu Media, LLC v. Doe*, No. 13-2864, 2013 WL 2392923, at *1 (E.D. Pa. May 31, 2013). The Plaintiff cannot identify the caller's identity except through a subpoena on its telephone carriers.

Third, there is a central need for the subpoenaed information. As previously described, Plaintiff cannot properly serve the "Kim" or "John" and the entity on whose behalf they were calling – or even confirm if this is the Defendant's true name – without first ascertaining their identity from its telephone carrier. The defendant's identity is critical to the ability of the plaintiff to serve the defendant and proceed with the litigation. *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004). Once the Plaintiff has obtained this information, he can investigate his claims further and confirm that he has a good-faith basis to proceed. *Strike 3 Holdings, LLC v. Doe*, No. 19-02552, 2019 WL 4855039, at *2 (S.D.N.Y. Oct. 2, 2019). Indeed, in granting leave to conduct expedited discovery in a TCPA case under similar circumstances, a sister court held that "plaintiffs will be helpless to timely serve Global with the summons and complaint or to otherwise prosecute their case without that information." *Catlin* , 2014 WL 3955220, at *2.

Finally, at this time, the Plaintiff seeks limited discovery only from Twillo International, Inc. However, subsequent subpoenas will likely be necessary. Based on the Plaintiff's experience with similar subpoenas, he will likely need to request information from three to four downstream providers as the Plaintiff is directed to the eventual residential service provider.

**Conclusion**

For the preceding reasons, the Court should GRANT the Plaintiff leave to serve subpoena on Twillow International, Inc., and any subsequent downstream telephone providers as it may identify, before a Rule 26(f) conference, seeking the subscriber identity, to include the name of

COMPLAINT- 8

the subscriber, address, contact telephone number, website, and e-mail address for the telephone numbers (470)524-5363, and instruct the clerk of the court to issue the proposed subpoenas.

Because standing Order 18-19 requires Pro Se plaintiffs to request leave of the court to issue subpoenas, he has proposed a subpoena for Twillo International, Inc. and a blank subpoena to be filled in with downstream providers. Plaintiff believes this will be the most efficient use of time, require the least amount of judicial resources by alleviating the Court's need to review subsequent requests, allow this discovery to proceed as quickly as possible, and reduce subsequent motions requesting extensions to service deadlines.

RESPECTFULLY SUBMITTED on this June 15, 2024.

                                                                                    */s/Jason Crews*

                                                                                   Jason Crews

**COPIES** of the forgoing were filed with the court electronically via CM/ECF on the same date.

        */s/Jason Crews*

Jason Crews

COMPLAINT- 9